IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| **Edwin Daniel Gongora-Baltan,** | Case No. 4:24cv1597 |
| Petitioner, | |
| -vs- | **JUDGE PAMELA A. BARKER** |
| **Warden Ian Healy,** | **MEMORANDUM OPINION AND ORDER** |
| Respondent. | |

*Pro se* petitioner Edwin Daniel Gongora-Baltan has filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, challenging the Bureau of Prisons's ("BOP") determination as to his eligibility for sentence credits under the First Step Act ("FSA") (Doc. No. 1).

For the following reasons, the petition is denied.

## I. Background

In a very brief petition, Gongora-Baltan states that he is challenging the BOP's "removal" of his FSA credit. He attaches an exhibit to his petition in which Gongara-Baltan requests the Court to order his release, purportedly claiming that the BOP improperly determined he is subject to a final order of removal. (Doc. No. 1-1). Petitioner states that he has not appealed the BOP's decision because "I don't have enough time, because my release date is near." (Doc. No. 1 at 3).

## II. Standard of Review and Discussion

Writs of habeas corpus "may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). Section 2241 "is an affirmative grant of power to federal courts to issue writs of habeas corpus to prisoners being held 'in violation of the Constitution or laws or treaties of the United States.'" *Rice*

*v. White*, 660 F.3d 242, 249 (6th Cir. 2011) (quoting Section 2241(c)). Because Petitioner is appearing *pro se*, the allegations in his petition must be construed in his favor, and his pleadings are held to a less stringent standard than those prepared by counsel. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). The Court, however, may dismiss the petition at any time, or make any such disposition as law and justice require, if it determines the petition fails to establish adequate grounds for relief. *Hilton v. Braunskill*, 481 U.S. 770, 775, 107 S. Ct. 2113, 95 L. Ed. 2d 724 (1987); *see also Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (holding district courts have a duty to "screen out" petitions lacking merit on their face under Section 2243).

The responsibility for computing sentences and applying sentencing credits lies with the BOP. *Nieves v. Warden, FCI Elkton*, No. 4:19-cv-1966, 2020 U.S. Dist. LEXIS 3581, at *5 (N.D. Ohio Jan. 9, 2020). Before seeking habeas relief under Section 2241, a prisoner must fully exhaust his administrative remedies within the BOP. *Luedtke v. Berkebile*, 704 F.3d 465, 466 (6th Cir. 2013); *Fazzini v. Northeast Ohio Correctional Center*, 473 F.3d 229, 231-33 (6th Cir. 2006). Exhaustion serves two important functions: (1) it protects administrative agency authority, by providing the agency an opportunity to correct its own mistakes before being haled into federal court; and (2) it promotes efficiency, by providing a means to resolve claims more quickly and economically before an agency rather than in litigation in federal court. *Woodford v. Ngo*, 548 U.S. 81, 88-89, 126 S. Ct. 2378, 165 L. Ed. 2d 368 (2006) (internal citations and quotation marks omitted). *See also Fazzini*, 473 F.3d at 232; *Blumling v. United States*, No. 4:19cv2587, 2020 U.S. Dist. LEXIS 133248, at *19 (N.D. Ohio July 28, 2020).

To exhaust their administrative remedies, federal prisoners must proceed through the following steps: (1) attempt informal resolution with prison staff; (2) if the prisoner achieves no satisfaction informally, he must then file a written complaint with the warden; (3) followed by an

appeal to the regional director of the federal BOP; and finally; (4) if the prisoner has received no satisfaction, he may appeal to the office of the General Counsel. *See* 28 CFR §§ 542.10-16; *Chastain v. Williams*, No. 4:20-CV-01036, 2020 U.S. Dist. LEXIS 188104, at *7 (N.D. Ohio Oct. 9, 2020). An administrative appeal is not fully exhausted until the BOP's Central Office reaches a decision on the merits. 28 C.F.R. § 542.15(a). "An inmate cannot simply fail to file a grievance or abandon the process before completion and claim that he has exhausted his remedies." *Hartsfield v. Vidor*, 199 F.3d 305, 309 (6th Cir. 1999).

In most cases, exhaustion is the rule, and failure to exhaust will preclude federal habeas review. *Fazzini*, 473 F.3d at 232. In rare cases, however, where state remedies are inadequate or futile, or exhaustion would result in irreparable harm, exhaustion of administrative remedies is not required. *See McCarthy v. Madigan*, 503 U.S. 140, 146--48, 112 S. Ct. 1081, 117 L. Ed. 2d 291 (1992), superseded by statute, 42 U.S.C. § 1997e(a); *Quionones v. Williams*, No. 4:20-cv-01067, 2020 U.S. Dist. LEXIS 178112, at *2 (N.D. Ohio Sep. 28, 2020). *See also Rose v. Lundy*, 455 U.S. 509, 515-16, 102 S. Ct. 1198, 71 L. Ed. 2d 379 (1982) (stating that exhaustion should only be excused "in rare cases where exceptional circumstances of peculiar urgency are shown to exist.").

Here, Gongora-Baltan concedes in his petition that he has not exhausted his administrative remedies with the BOP. Liberally construed, however, Petitioner appears to claim that exhaustion should be excused because he does not have enough time to pursue his remedies before his release date. Petitioner himself is responsible for the delay in the process. It appears from the petition that Gongora-Baltan made no efforts to comply with the BOP's administrative process, and instead, he filed a petition in federal court. On these facts, the Court does not find that it was futile for Gongora-Baltan to exhaust his administrative remedies. *See Cargill v. Healy*, No. 4:23-CV-01755-CEF, 2024 WL 1683600, 2024 U.S. Dist. LEXIS 73167, *5 (N.D. Ohio Mar. 1, 2024) (citing

*Deleo v. Paul*, No. 5: 23-241-KKC, 2023 U.S. Dist. LEXIS 147160, *3 (E.D. Ky. Aug. 22, 2023) (courts have rejected the futility argument based on the notion that already-passed or impending release is sufficient to deem exhaustion futile)), report and recommendation adopted, No. 4:23-cv-01755, 2024 WL 1676857, 2024 U.S. Dist. LEXIS 70582 (N.D. Ohio Apr. 18, 2024). Had Gongora-Baltan "'promptly and diligently pursued his administrative remedies,'" Petitioner's case may have been ripe—and still may be ripe-- for the Court's consideration before his release. *Id.* (citing *Hunter v. Bowers*, No. 223CV02188JPMTMP, 2023 U.S. Dist. LEXIS 219366, 2023 WL 8530584, at *3 (W.D. Tenn. Dec. 8, 2023)).

### III. Conclusion

Accordingly, the petition is denied, and this action is dismissed without prejudice pursuant to 28 U.S.C. § 2243 to allow Petitioner to exhaust his administrative remedies. Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED.**

PAMELA A. BARKER
U. S. DISTRICT JUDGE

Date:  November 12, 2024